UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

BRENNA L. STEWART,                      :

    Plaintiff,       :        COMPLAINT AND DEMAND
                                            FOR JURY TRIAL
    v.               :        04cv7271

THE CITY OF NEW YORK, POLICE    :
OFFICER F/N/U RODRIGUEZ, Police
Officer JOHN DOE and Sergeant   :
RICHARD ROE, whose names and shield
numbers are presently unknown,  :
employees of the New York City
Police  Department, Individually :
and in their official capacity
as Police Officers for the City  :
of New York,

                                              :

    Defendants.
_____x

INTRODUCTION

    1. This is an action for monetary damages (compensatory and punitive) for the wrongful acts of defendants NEW YORK CITY, Police Officer F/N/U RODRIGUEZ, Police Officer JOHN DOE and Sergeant RICHARD ROE, whose names and shield numbers are presently unknown, all acting under color of state law and pursuant to their authority, in violation of the plaintiff's rights under the Constitution and laws of the United States.

    2. Plaintiff alleges that beginning on or about September 11, 2001, defendants committed wrongful and illegal acts against the plaintiff, and violated the plaintiff=s federal civil rights by falsely and maliciously arresting, imprisoning and prosecuting the plaintiff and physically harming

the plaintiff through the intentional use of excessive and unreasonable force and the denial of medical attention.

## JURISDICTION

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff=s Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

6. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff BRENNA L. STEWART, was and is a citizen of the United States and resident of Queens County, in the City and State of New York.

8. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, defendant RODRIGUEZ is and was at all times relevant to this action, a police officer, employed by the New York City Police Department, and acting under color of state law. Upon information and belief, she is member of the 44th Precinct in Bronx County.

Plaintiff intends to discover the first name and shield number of this officer. Police Officer RODRIGUEZ is being sued in both her individual and official capacity.

10. Defendants JOHN DOE and RICHARD ROE, are a police officer and police sergeant respectively, and were at all times relevant to this action, employed by the New York City Police Department and acting under color of state law. Upon information and belief, they are members of the 44th Precinct. Plaintiff intends to discover the identities of these officers. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendant Officer RODRIGUEZ and the unknown police officer and police sergeant whose identities plaintiff intends to discover.

13. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, and other unlawful propensities of the officers involved in the violation of the plaintiff=s civil rights.

15. The conduct and injuries complained of herein ensued without any negligent or culpable

conduct on the part of the plaintiff.

## CONDITIONS PRECEDENT

16. This action has been commenced within three years after the plaintiff=s various causes of action have accrued.

## FACTUAL BACKGROUND

17. On or about September 11, 2001, at approximately 11:30 p.m., the plaintiff was on the Macombs Avenue Bridge in the County of Bronx, City and State of New York.

18. At the aforesaid time and place, one or more of the individual defendant police officers stopped the plaintiff.

19. Without cause or justification, one or more of these officers stopped the plaintiff, grabbed her, and Sergeant RICHARD ROE, intentionally and maliciously twisted the plaintiff=s arm behind her back to cuff her, after being informed by the plaintiff that she had had prior surgery on her shoulder and could not put her arm behind her back, he responded: "Too fucking bad," and roughly pulled her arms back to rear handcuff the plaintiff, causing the plaintiff excessive pain.

20. Although the plaintiff cried out in agony from the pain to her shoulder, and pleaded to RICHARD ROE to free her arms from being pulled behind her, her arms were kept behind her back, causing her "to see stars," to urinate in her pants, to scream out in pain, and to suffer continuing excruciating pain while being transported to the precinct and thereafter.

21. The plaintiff was taken in a patrol car to the 44th Precinct where she was locked in a cell and held for approximately two hours.

22. The plaintiff requested medical attention, but no medical care was provided.

23. The plaintiff was released with a Desk Appearance Ticket/Summons charging her with Disorderly Conduct in violation of Penal Law Section 240.20, under Summons Number 409219971-

5, and instructing her to appear at the Criminal Court of the City of New York on October 17, 2001.

24. Thereafter, the plaintiff appeared as directed and was notified by the Criminal Court of the City of New York, Bronx County, on or about October 17, 2001, that all charges were dismissed because the New York City Police Department failed to file a legally acceptable accusatory instrument with the court.

25. As a direct and proximate result of the actions of the police officer defendants, the plaintiff was falsely charged with the Disorderly Conduct, P.L. Section 240.20, classified under New York State law as a violation, for which the authorized sentence is a term of imprisonment for a period not to exceed 15 days or a fine not to exceed two hundred and fifty dollars.

26. There was no probable or just cause for any criminal proceeding to have been brought and there was no likelihood that a full and fair hearing of the charges would have resulted in a successful prosecution of the plaintiff by defendants RODRIGUEZ, defendants JOHN DOE and RICHARD ROE and the other officers involved in the case.

27. At no time did the plaintiff commit disorderly conduct or any other offense for which an arrest may lawfully be made. At no time did the plaintiff commit any illegal acts justifying the approach of the police, or engage in any conduct thereafter that in any way justified the subsequent actions of the police.

28. As a direct and proximate result of defendants' actions, the plaintiff was held for approximately two hours at the 44th Precinct in Bronx County, while in the custody of the New York City Police Department, for a violation that she never committed.

29. As a direct and proximate result of defendants' actions, plaintiff's shoulder, which had previously been injured and operated upon, was re-injured and re-traumatized, causing new injury

and an exacerbation of the previous injury and loss of movement that had been gained from post-surgical rehabilitation due to the intentional excessive use of unreasonable force.

30. The arrest of the plaintiff, the filing of false criminal charges against the plaintiff, and the wrongful imprisonment of the plaintiff, were, because of defendant police officers' knowledge of a lack of any legitimate cause or justification for such arrest and imprisonment, intentional, malicious, reckless, and in bad faith.

31. Defendants RODRIGUEZ, JOHN DOE and RICHARD ROE acted with actual malice in arresting the plaintiff on false charges, and causing her to be notified that she had to appear in the Criminal Court of the CITY OF NEW YORK and be prosecuted on a charge that the defendants knew were false. Defendants RODRIGUEZ, JOHN DOE and RICHARD ROE brought these charges against the plaintiff and purposefully misused the police powers and the courts to arrest, harass, intimidate, imprison, prosecute and physically harm the plaintiff.

32. As a direct and proximate result of all the defendants' actions, the plaintiff suffered the loss of personal security and liberty, painful injury to her shoulder, mental anguish, and psychological and emotional distress.

33. As a direct and proximate result of defendants' actions, plaintiff was arrested and detained without just or probable cause.

34. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

35. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of citizens, thereby causing the

defendant officers in this case to engage in the unlawful conduct described above.

36. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

37. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, sadistic, dishonest and biased police officers from their duties.

38. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to September 11, 2001, the perpetration of unlawful arrests, the commission of perjury, the intentional use of excessive and unreasonable force, and other malicious, violent, sadistic and inappropriate unlawful acts by defendant officers were occurring, in that it is believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

**COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS**
**(Defendant RODRIGUEZ)**

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35 of this complaint, as though fully set forth herein.

37. The actions of the defendant RODRIGUEZ, a member of the New York City Police Department, and acting under color of state law, deprived the plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, the intentional use of excessive and unreasonable force, the denial of medical attention, and the intentional and/or negligent infliction of emotional distress.

38. By these actions, this individual defendant has deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

39. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, and was otherwise harmed, damaged and injured.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant JOHN DOE)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this complaint, as though fully set forth herein.

41. The actions of the defendant DOE, a member of the New York City Police Department, and acting under color of state law, deprived the plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, the intentional use of excessive and

unreasonable force, the denial of medical attention and the intentional and/or negligent infliction of emotional distress.

42. By these actions, this individual defendant has deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

43. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, and was otherwise harmed, damaged and injured.

**COUNT THREE: VIOLATION OF CONSTITUTIONAL RIGHTS**
**(Defendant RICHARD ROE)**

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-43 of this complaint, as though fully set forth herein.

45. The actions of the defendant DOE, a member of the New York City Police Department, and acting under color of state law, deprived the plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, the intentional use of excessive and unreasonable force, the denial of medical attention and the intentional and/or negligent infliction of emotional distress.

46. By these actions, this individual defendant has deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

47. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries and was otherwise harmed, damaged and injured.

### COUNT FOUR: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-47 of this complaint, as though fully set forth herein.

49. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-47 deprived the plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person, to due process under the law, and the right to be free from unlawful seizure, false imprisonment or false arrest, malicious prosecution, the intentional use of excessive and unreasonable force, the denial of medical attention, and from and the intentional and/or negligent infliction of emotional distress.

50. By these actions, defendant CITY OF NEW YORK has deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

51. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, and was otherwise harmed, damaged and injured.

### COUNT FIVE: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Defendants RODRIGUEZ, DOE, and ROE)

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-51 of this complaint, as though fully set forth herein.

53. The individual defendants, under color of law, conspired to violate plaintiff=s civil rights by agreeing among themselves to falsely charge her with disorderly conduct, as described more fully in the foregoing paragraphs, in violation of 42 U.S.C. 1983, for which the defendants are individually liable.

54. By these actions, defendants RODRIGUEZ, DOE and ROE have deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

55. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, and was otherwise harmed, damaged and injured.

### COUNT SIX: 42 U.S.C. Section 1983: MONELL CLAIM
### (Defendant CITY OF NEW YORK)

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-55 of this complaint, as though fully set forth herein.

57. Prior to September 11, 2001, defendant CITY OF NEW YORK, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of the plaintiff's rights.

58. It was the policy and/or custom of the defendant CITY OF NEW YORK to investigate inadequately and improperly civilian complaints of police misconduct. Instead, acts of brutality and perjury were tolerated by the defendant CITY OF NEW YORK.

59. The Internal Affairs Bureau (IAB) and the Civilian Complaint Review Board (CCRB) have substantially failed to investigate deliberate misconduct. Since the CCRB became independent in 1993, although it has received over 50,000 complaints, the New York Police Department has

dismissed less than ten officers as a result of a CCRB investigation.

60. IAB investigations of brutality rarely lead to administrative trials, and when they do and the charges are somehow sustained, the punishment is minimal, lacking any true deterrent effect. Since there is no disciplinary sanction available between thirty days suspension and dismissal, and dismissal almost always is deemed too harsh, even the most brazen acts of brutality, short of murder, are resolved with a slap on the wrist.

61. The defendant CITY OF NEW YORK has been on notice for more than a generation that brutality is widespread and that particular reforms need to be implemented. From reform-minded Commissioner Patrick Murphy to the Mollen Commission twenty-five years later, the defendant CITY OF NEW YORK has been repeatedly cautioned that a systemic tolerance for brutality flourishes throughout the New York City Police Department.

62. The Mollen Commission report noted, "This tolerance, or willful blindness, extends to supervisors as well. This is because many supervisors share the perception that nothing is really wrong with a bit of unnecessary force and because they believe that this is the only way to fight crime today." Mollen Comm. Report, at 49.

63. It was the policy and/or custom to supervise and discipline officers inadequately, including the defendant officers, thereby failing to discourage constitutional violations on the part of its police officers.

64. Police officers of the defendant CITY OF NEW YORK have for years engaged in a pattern and practice of actively and passively covering up the misconduct of fellow officers by failing to come forward or failing to accurately give evidence as to misconduct of which they are aware, thereby establishing and perpetuating a "code of silence."

65. This "code of silence" is a custom deeply ingrained in the members of the New York

City Police Department so as to constitute the actual policy of the defendant CITY OF NEW YORK.

66. The defendant CITY OF NEW YORK has been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers who witness or have information regarding misconduct by fellow officers.

57. The defendant CITY OF NEW YORK has failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other New York City police officers, thereby causing and encouraging New York City police officers, including the individual defendant officers in this case, to violate the rights of citizens such as the plaintiff.

68. It is believed the City has maintained no system or an inadequate system of review of officers who withhold knowledge or give false information regarding misconduct by fellow officers. This failure to identify and track such officers, including the defendant officers, or to discipline, more closely supervise, and continue to retain such officers who engage in the "code of silence," causes New York City police officers to believe that they can engage in misconduct, secure in the knowledge that their fellow officers will neither intervene, nor give evidence against them. These systemic deficiencies include, but are not limited to:

    a. Preparation of investigative reports designed to vindicate the conduct of officers who gave false information about the misconduct of other officers, or who falsely denied knowledge about misconduct that they were in a position to observe;

    b. Preparation of investigative reports which uncritically rely solely on the word of police officers and which systematically fail to credit testimony of non-police witnesses;

    c. Preparation of investigative reports that omit or ignore factual information

and physical evidence which contradicts the accounts of police officers;

　　　d.　Issuance of public statements exonerating officers involved in such incidents prior to the completion of the investigation;

　　　e.　Failure to have meaningful review of investigative reports by responsible superior officers for accuracy or completeness, including consideration of the conduct of officers who were not actively engaged in the misconduct which was the subject of the investigation, and acceptance of conclusions which are not supported by the evidence or which contradict such evidence; and

　　　f.　Failure to identify potential "code of silence" violations and maintain accurate records of allegations of such misconduct.

　　　g.　Issuance of false or misleading statements to the press to impugn the credibility and character of abused citizens.

69.　The defendant CITY OF NEW YORK, prior to and at the time of this incident, was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers who practice the "code of silence," and was deliberately indifferent to that need.

70.　The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the plaintiff and the need for more or different training and discipline are policies, practices and customs of the defendant CITY OF NEW YORK and have caused police officers, including the officer defendants in this case, to believe that they can violate the rights of citizens with impunity, and that their fellow officers would conceal such conduct, including swearing falsely and committing perjury, all with the foreseeable result that officers are more likely to violate

the constitutional rights of citizens.

71. As a direct and proximate result of the defendant CITY OF NEW YORK's aforementioned practices, policies and customs of deliberate indifference to police misconduct, defendant CITY OF NEW YORK violated the plaintiff's constitutional rights and caused her to suffer substantial damages.

72. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

73. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, and was otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiff requests the following relief, jointly and severally as against all of the defendants:

    a. Compensatory damages in an amount to be determined at trial.

    b. Punitive damages in an amount to be determined at trial.

    c. Disbursements, costs and reasonable attorney's fees; and

    d. Such other and further relief as to this Court appears reasonable and just.

DATED:  New York, New York

September 10, 2004

                                      Respectfully,

                                      _____
                                      JOANNE M. DWYER, Esq.
                                      Attorney for Plaintiff
                                      225 Broadway, 41st Floor
                                      New York, NY 10007
                                      (212) 233-0591

                          Case No.  04 CV

| UNITED  STATES  DISTRICT  COURT<br>SOUTHERN DISTRICT  OF  NEW  YORK |
|---|
| BRENNA L. STEWART, |

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
F/N/U RODRIGUEZ, individually and in
his official capacity as a Police
Officer, JOHN DOE, and RICHARD ROE,
unknown employees of the New York City
Police Department, Individually and
in their official capacities as Police
Officers for the City of New York,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*JOANNE M. DWYER*
*Attorney for Plaintiff*
*225 Broadway, 41st Floor*
*New York, N.Y. 10007*
*Tel: (212) 233-0591*